UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISON

CASE NO.: 6:17-cv-871-ORL-40-KRS

RHONDA STEELE, individually
and on behalf of all those similarly
situated,

CLASS/COLLECTIVE ACTION

Plaintiff,

vs.

PRESBYTERIAN RETIREMENT COMMUNITIES,
INC.,

Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, RHONDA STEELE ("MS. STEELE"), individually, as Class Representative, and on behalf of all other similarly situated employees, by and through her undersigned counsel files her individual claims in Counts I, III, IV & V of this Complaint and a Representative Action in Count II of this Complaint against Defendant, PRESBYTERIAN RETIREMENT COMMUNITIES, INC. ("PRESBYTERIAN RETIREMENT"), and states as follows:

### I. INTRODUCTION

1. MS. STEELE brings her cause of action raising an individual claim for unpaid overtime wages pursuant 29 U.S.C. § 207 (overtime provisions of the Federal Fair Labor Standards Act ("FLSA")); a Representative Action pursuant to 29 U.S.C. § 216(b) (authorizing representative actions under the FLSA) seeking to represent a class of

1

employees denied unpaid overtime pursuant to the FLSA; a claim for retaliation pursuant to 29 U.S.C. § 215 (anti-retaliation provision of the FLSA); a wrongful termination claim pursuant to the Florida Whistleblower Act ("FWA"); and her claim for negligent retention and supervision pursuant to Florida common law.

2. The FLSA prevents the exploitation of a class of workers who are in an unequal position with respect "to bargaining power and are thus relatively defenseless against the denial of a living wage is not only detrimental to their health and well being but casts a direct burden for their support upon the community. What these workers lose in wages the taxpayers are called upon to pay." *West Coast Hotel Co. v. Parrish*, 300 U.S. 379, 399 (1937)(Hughes, C.J).

3. PRESBYTERIAN RETIREMENT utilized its unequal bargaining power to render defenseless MS. STEELE, individually and all other similarly situated employees, against the denial of the living wage they are entitled to receive and protected by 29 U.S.C. § 207.

4. In fact, when STEELE, complained about not being properly compensated, PRESBYTERIAN RETIREMENT willfully retaliated against MS. STEELE in violation of 29 U.S.C. § 215.

5. Furthermore, during her employment, MS. STEELE was the victim of battery and attempted sexual battery by a PRESBYTERIAN RETIREMENT supervisor of MS. STEELE in violation of Florida law, *see* Fla. Stat. §§ 777.04, 794.04, 784.03, and Federal Law. *See* 29 U.S.C. § 651(b), 29 U.S.C. § 654(a)(1).

6. MS. STEELE objected to the illegal activity by PRESBYTERIAN RETIREMENT's supervisor and in retaliation for objecting MS. STEELE was terminated in violation of the FWA.

## II. JURISDICTION

7. This Court has jurisdiction to hear this Complaint pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

## III. VENUE

8. Venue is proper in this Court under 28 U.S.C. Section 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in Orange County, Florida in the Orlando Division of the Middle District of Florida.

## IV. THE PARTIES

9. MS. STEELE was an employee of PRESBYTERIAN RETIREMENT within the meaning of the FLSA and FWA.

10. MS. STEELE was employed as a kitchen laborer by PRESBYTERIAN RETIREMENT from approximately November 2015 to January 11, 2017.

11. As a kitchen laborer, MS. STEELE was paid on an hourly basis.

12. As a kitchen laborer, MS. STEELE's job duties included, but were not limited to, helping prepare the meals for Defendant's residents.

13. PRESBYTERIAN RETIREMENT maintains and operates approximately eighteen (18) retirement communities throughout Florida.

14. PRESBYTERIAN RETIREMENT employs ten or more persons.

15. MS. STEELE worked at PRESBYTERIAN RETIREMENT's community located at 70 West Lucerne Circle, Orlando, Florida.

16. At all times relevant to her employment, MS. STEELE regularly used the instrumentalities of interstate commerce while performing her work. At all times relevant to her employment, MS. STEELE also regularly used the channels of commerce while performing their work.

17. PRESBYTERIAN RETIREMENT is an "employer" as defined by 29 U.S.C. § 203(d). PRESBYTERIAN RETIREMENT has employees subject to the provisions of the FLSA, 29 U.S.C. § 207, in the facility where MS. STEELE was employed.

18. PRESBYTERIAN RETIREMENT has employed two or more persons, including MS. STEELE, "engaged in commerce or in the production of goods for commerce," or has "had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by a person," as defined by 29 U.S.C. § 203(s)(1)(A)(i).

19. MS. STEELE avers that at all times relevant to the violations of the Fair Labor Standards Act PRESBYTERIAN RETIREMENT was an enterprise whose annual gross volume of sales made or business done was not less than $500,000, in accordance with 29 U.S.C. § 203(s)(1)(A)(ii).

20. MS. STEELE has retained LaBar & Adams, P.A. to represent her in this matter and has agreed to pay said firm a reasonable attorney's fee for its services.

## V. FACTUAL ALLEGATIONS

21. MS. STEELE re-alleges and incorporates herein the allegations contained in paragraphs 7, 8, above.

22. PRESBYTERIAN RETIREMENT is in the business of developing and operating retirement communities that provide independent living, assisted living, and nursing care to the residents of the community.

23. At all times relevant to the violation of the FLSA, PRESBYTERIAN RETIREMENT was an enterprise engaged in commerce or in the production of goods for commerce.

24. MS. STEELE was hired by PRESBYTERIAN RETIREMENT to work in the kitchen at its 70 West Lucerne Circle, Orlando, Florida location.

25. Throughout her employment, MS. STEELE worked numerous workweeks where her hours exceeded forty but she was not paid time-and-a-half for each overtime hour worked.

26. MS. STEELE worked numerous weeks in which she was not paid time-and-a-half for each overtime hour worked because the hours worked were not properly recorded as a result of the time-clock where MS. STEELE worked for PRESBYTERIAN RETIREMENT being broken.

27. MS. STEELE worked numerous weeks in which she was not paid time-and-a-half for each overtime hour worked because her supervisors would manipulate the reported time she worked resulting in her not receiving overtime wages or having such wages reduced.

28. MS. STEELE, as well as similarly situated employees, worked numerous weeks in which they were not paid time-and-a-half for each overtime hour worked because their supervisors pressured them to work off-the-clock.

29. PRESBYTERIAN RETIREMENT had a top down centralized policy of requiring employees to work off-the-clock so it would not have to pay the employees' overtime.

30. PRESBYTERIAN RETIREMENT had knowledge that MS. STEELE, as well as other similarly situated employees, were working overtime without proper compensation.

31. PRESBYTERIAN RETIREMENT failed to make a good faith effort to determine if MS. STEELE and similarly situated employees were compensated appropriately pursuant to the FLSA.

32. PRESBYTERIAN RETIREMENT failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

33. PRESBYTERIAN RETIREMENT also failed to post the required notice pursuant to the Fair Labor Standards Act.

34. PRESBYTERIAN RETIREMENT's unlawful compensation practices are in willful disregard of the rights of MS. STEELE, and other similarly situated employees.

VI. **COLLECTIVE ACTION ALLEGATIONS AS TO LABORERS**

35. MS. STEELE, as Class Representative, brings Count II of her action on behalf of herself and on behalf of similarly situated employees. Specifically, MS. STEELE

brings the class' claim under the Fair Labor Standards Act as a collective action, and will request the Court to grant conditional class certification under 29 U.S.C. Section 216(b).

36. MS. STEELE, as Class Representative, will seek class certification of all employees of PRESBYTERIAN RETIREMENT who (1) are or were employed by PRESBYTERIAN RETIREMENT at its 70 West Lucerne Circle, Orlando, Florida location during the preceding three years; (2) were paid an hourly rate; (3) were victims of PRESBYTERIAN RETIREMENT's top down policy of not properly paying overtime; and (4) worked more than forty hours in a work week without being paid proper overtime compensation.

37. While working for PRESBYTERIAN RETIREMENT, MS. STEELE, and the similarly situated employees, were subject to PRESBYTERIAN RETIREMENT's pattern and standard practice of denying overtime compensation to its employees.

## COUNT I
### PLAINTIFF, RHONDA STEELE'S INDIVIDUAL CLAIM FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

38. Plaintiff, MS. STEELE, re-alleges and incorporates herein the allegations contained in paragraphs 7-13, 15-20-27, 30-34 above.

39. MS. STEELE was employed as kitchen laborer by PRESBYTERIAN RETIREMENT from approximately November 2015 to January 11, 2017.

40. From approximately November 2015 to January 11, 2017, PRESBYTERIAN RETIREMENT repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate MS. STEELE at a rate not less than one and one-half times the regular rate at which she was employed for workweeks longer than

forty (40) hours. Specifically, Plaintiff worked numerous weeks in excess of forty (40) hours a week, yet was not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which she was employed.

41. PRESBYTERIAN RETIREMENT willfully failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

42. PRESBYTERIAN RETIREMENT failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, MS STEELE demands a judgment against PRESBYTERIAN RETIREMENT for the following:

(a) Unpaid overtime wages found to be due and owing;

(b) An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) A reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

MS. STEELE demands a jury trial on all issues contained in Count I.

## COUNT II
## COLLECTIVE ACTION BY CLASS REPRESENTATIVE, MS. RHONDA STEELE, FOR VIOLATIONS OF THE OVERTIME PROVISION OF THE FAIR LABOR STANDARDS ACT

43. MS. STEELE, as Class Representative, re-alleges and incorporate herein the allegations contained in paragraphs 7-13, 15-20-37 above.

8

44. Throughout the employment of the Class Representative, MS. STEELE, and all other similarly situated employees, the Defendant, PRESBYTERIAN RETIREMENT, repeatedly and willfully violated § 7 and § 15 of the Fair Labor Standards Act by failing to compensate the named Plaintiff and all other similarly situated employees, at a rate not less than one and one-half times the regular rate at which they were employed for workweeks longer than forty (40) hours.

45. Specifically, Class Representative, MS. STEELE, and all other similarly-situated Billing Representatives, worked numerous weeks throughout their employment in excess of forty (40) hours a week, yet were not compensated for all work in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which they were employed.

46. PRESBYTERIAN RETIREMENT failed to maintain and keep accurate time records as required by the Fair Labor Standards Act. *See e.g.* 29 U.S.C. §§ 211(c); 215(a); 29 C.F.R. § 516, *et. al.*

47. PRESBYTERIAN RETIREMENT failed to post the required notice pursuant to the Fair Labor Standards Act.

WHEREFORE, Class Representative, MS. STEELE, on behalf of herself and similarly situated employees, demands judgment against PRESBYTERIAN RETIREMENT for the following:

    (a)    Unpaid overtime wages found to be due and owing;

    (b)    An additional equal amount equal to the unpaid overtime wages found to be due and owing as liquidated damages;

(c) Prejudgment interest in the event liquidated damages are not awarded;

(d) Reasonable attorney's fee and costs; and,

(e) Such other relief as the Court deems just and equitable.

## JURY TRIAL DEMAND

Class Representative, MS. STEELE, on behalf of herself and similarly situated employees, demands a jury trial on all issues contained in Count II.

## COUNT III
## MS. STEELE'S RETALIATION CLAIM
## PURSUANT TO THE FAIR LABOR STANDARDS ACT

48. MS. STEELE re-alleges and incorporates herein the allegations contained in paragraphs 5, 6, 9-13, 15, 20, 21, 22, 24 above.

49. MS. STEELE was at all times material hereto qualified for the employment positions she performed for PRESBYTERIAN RETIREMENT.

50. Throughout her employment with PRESBYTERIAN RETIREMENT, MS. STEELE worked numerous workweeks where her hours exceeded forty but she was not paid time-and-a-half for each overtime hour worked.

51. MS. STEELE complained to her supervisor on numerous occasions that she was not receiving proper overtime pay.

52. MS. STEELE's first complaint to her supervisor regarding not receiving her proper overtime pay was on or about December 2, 2016.

53. MS. STEELE's last complaint to her supervisor regarding not receiving her proper overtime pay was on or about December 26, 2016.

54. On January 11, 2017, PRESBYTERIAN RETIREMENT willfully retaliated against MS. STEELE when it fired her for complaining about not receiving her proper overtime pay.

WHEREFORE, MS. STEELE demands judgment against PRESBYTERIAN RETIREMENT severally, for the following:

(a) Lost wages, including lost fringe benefits, which resulted from the illegal retaliation;

(b) Compensatory damages, including emotional distress, loss of enjoyment of life, pain and suffering;

(c) Front pay;

(d) Liquidated Damages;

(e) Pre-judgment and post-judgment interest;

(f) A reasonable attorney's fee and costs; and

(g) Such other relief as the Court deems just and equitable.

### JURY TRIAL DEMAND

MS. STEELE demands a jury trial on all issues contained in Count III.

### COUNT IV
### MS. STEELE'S RETALIATION CLAIM
### PURSUANT TO THE FLORIDA WHISTLEBLOWER ACT

55. MS. STEELE re-alleges and incorporates herein the allegations contained in paragraphs 6-15, 20, 22, above.

56. MS. STEELE was at all times material hereto qualified for the employment position she held with PRESBYTERIAN RETIREMENT.

57. Throughout MS. STEELE's employment, PRESBYTERIAN RETIREMENT employed ten or more persons.

58. PRESBYTERIAN RETIREMENT failed to adequately supervise its employees, to include MS. STEELE's supervisor Elgin, to ensure that they were not creating an environment that was not free from hazards that are likely to cause serious physical harm to employees in violation of 29 U.S.C. § 654.

59. MS. STEELE's supervisor "Elgin," had authority to direct and control MS. STEELE's work performance.

60. MS. STEELE's supervisor "Elgin," had individual and managerial authority to ensure that the violation of law that MS. STEELE complained about did not occur.

61. PRESBYTERIAN RETIREMENT's environment was not free from hazards likely to cause serious physical harms to employees. Specifically, MS. STEELE's supervisor, Elgin, committed a battery and attempted sexual battery against MS. STEELE in violation of Florida law, *see* Fla. Stat. §§ 777.04, 794.04, 784.03, while acting in the course and scope of his employment.

62. PRESBYTERIAN RETIREMENT failed to adequately train its employees, to include MS. STEELE's supervisor Elgin, to ensure that they were not creating an environment that was not free from hazards that are likely to cause serious physical harm to employees in violation of 29 U.S.C. § 654.

63. MS. STEELE objected to PRESBYTERIAN RETIREMENT's failure to provide a work environment that was free from hazards likely to cause serious physical harms to employees.

64. Throughout MS. STEELE's employment with PRESBYTERIAN RETIREMENT, it failed to maintain and keep accurate time records as required by the Fair Labor Standards Act.

65. Throughout MS. STEELE's employment with PRESBYTERIAN RETIREMENT, it failed to pay MS. STEELE in compliance with FLSA.

66. MS. STEELE objected to PRESBYTERIAN RETIREMENT's failure to maintain accurate time records as required by the FLSA.

67. MS. STEELE objected to PRESBYTERIAN RETIREMENT's failure to pay her in accordance with the FLSA.

68. PRESBYTERIAN RETIREMENT retaliated against MS. STEELE on January 11, 2017 when it terminated her for objecting to its violation 29 U.S.C. § 654, its failure to maintain accurate time records as required by the FLSA, and its failure to pay her in accordance to the FLSA.

WHEREFORE, the MS. STEELE demands judgment against PRESBYTERIAN RETIREMENT for the following relief:

(a) Compensation for lost wages, benefits and other remuneration;

(b) Damages for MS. STEELE's mental distress, anguish, and other compensatory damages allowable at law;

(c) Reasonable attorney's fees and costs; and

(d) For such other and further relief as the court deems just and proper.

## **JURY TRIAL DEMAND**

MS. STEELE demands a jury trial on all issues contained in Count IV.

## COUNT V
## MS. STEELE'S CLAIM FOR NEGLIGENT RETENTION AND SUPERVISION

69. MS. STEELE re-alleges and incorporates herein the allegations contained in paragraphs 5, 6-15, 20, 22 above.

70. PRESBYTERIAN RETIREMENT possessed a duty to MS. STEELE to take reasonable care and precautions in the supervision and retention of its employees, specifically those employees who come into frequent and repeated contact with fellow employees and others during the course of such employment.

71. PRESBYTERIAN RETIREMENT breached this duty to MS. STEELE and other employees by failing to supervise and retaining employees that created a dangerous and hazardous working environment.

72. PRESBYTERIAN RETIREMENT had knowledge and notice of employees creating a dangerous and hazardous work environment. Specifically, PRESBYTERIAN RETIREMENT had knowledge and notice of MS. STEELE's supervisor Elgin's history and propensities of committing batteries or attempted sexual battery during the course of his employment as an employee with PRESBYTERIAN RETIREMENT. Despite said knowledge and notice of Elgin's dangerous propensities and unfitness, PRESBYTERIAN RETIREMENT nevertheless retained Elgin as an employee knowing that he would continue to have repeated contact and exposure to employees in the workplace despite said knowledge, thereby breaching its duty to its employees and the duty to the public to take reasonable care and precautions in its supervision and retention of its employees.

73. MS. STEELE would not have had contact with PRESBYTERIAN RETIREMENT's supervisor Elgin, but for working for the Defendant.

74. MS. STEELE's interaction with PRESBYTERIAN RETIREMENT's supervisor Elgin, as alleged in this complaint, occurred on PRESBYTERIAN RETIRMENT's premise.

75. Said retention, under such circumstances was unreasonable in the extreme and constitutes negligence by PRESBYTERIAN RETIREMENT.

76. As a direct and proximate result of PRESBYTERIAN RETIREMENT's negligent supervision and retention, MS. STEELE suffered loss of employment, loss of income, loss of other employment benefits, and suffered and continues to suffer distress, humiliation, great expense, embarrassment, and damage to her reputation and future employability.

77. The wanton and willful acts of PRESBYTERIAN RETIREMENT as described herein constitute a gross and conscious disregard of, and malicious indifference to, the rights and safety of MS. STEELE

WHEREFORE, the MS. STEELE demands judgment against PRESBYTERIAN RETIREMENT for the following relief:

(a) Actual damages;

(b) Compensatory damages;

(c) Loss of enjoyment of life;

(d) Pain and Suffering;

(e) Punitive Damages;

(f) Interest;

(g) Award Plaintiff such other and further relief as is just and proper.

## JURY TRIAL DEMAND

MS. STEELE demands a jury trial on all issues contained in Count V.

Respectfully submitted,

Dated: 5/12/17

SCOTT C. ADAMS, ESQ.
Florida Bar No.: 0573442
Email: sadams@labaradams.com
N. RYAN LABAR, ESQ.
Florida Bar No.: 0010535
Email: rlabar@labaradams.com
LABAR & ADAMS, P.A.
2300 East Concord Street
Orlando, Florida 32803
(407) 835-8968 (phone)
(407) 835-8969 (facsimile)