# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RHONDA STEELE,**

    **Plaintiff,**

**v.**                         Case No:  6:17-cv-871-Orl-40KRS

**PRESBYTERIAN RETIREMENT COMMUNITIES, INC.,**

    **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** DEFENDANT, PRESBYTERIAN RETIREMENT COMMUNITIES, INC'S, MOTION TO DISMISS COUNT V OF COMPLAINT (Doc. No. 9)
>
> **FILED:** June 7, 2017

## I. BACKGROUND.

On May 16, 2017, Plaintiff, Rhonda Steele, filed this action against Defendant, Presbyterian Retirement Communities, Inc. Doc. No. 1. Presbyterian maintains and operates approximately eighteen retirement communities throughout Florida. Doc. No. 1 ¶ 13. Steele was employed at one of Presbyterian's facilities as a kitchen laborer. *Id.* ¶¶ 10, 24. Her duties included, but were not limited to, helping prepare the meals for Presbyterian's residents. *Id.* ¶ 12. She alleges that she worked numerous weeks in which she was not paid time-and-a-half for each overtime hour worked and that the hours she worked were not properly recorded due to a broken time-clock. *Id.*

¶ 26. Additionally, she alleges that her supervisors would manipulate the reported time she worked and that Presbyterian "had a top down centralized policy of requiring employees to work off-the-clock so it would not have to pay the employees' overtime." *Id.* ¶¶ 27, 29.

Based on these factual allegations, in Count I Steele asserts an individual claim for unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"). In Count II, Steele brings a representative action under the FLSA seeking to represent a class of employees who did not receive overtime compensation and for whom Presbyterian failed to keep accurate time records in violation of the FLSA. In Count III, Steele asserts an individual claim for retaliation pursuant to the FLSA's anti-retaliation provision. She alleges that in December 2016, she complained on numerous occasions to her supervisor that she was not receiving proper overtime pay. *Id.* ¶¶ 51-53. She claims that Presbyterian retaliated against her, in violation of the FLSA, by terminating her for complaining about not receiving proper overtime pay. *Id.* ¶ 54.

In Count IV, Steele brings a wrongful termination claim pursuant to the Florida Whistleblower Act ("FWA"), Section 448.102, Florida Statutes. She alleges that during her employment, Presbyterian failed to adequately supervise and train its employees to ensure that they were not creating an environment likely to cause serious physical harm to employees in violation of the Occupational Safety and Health Act ("OSHA"), 29 U.S.C. § 654. *Id.* ¶¶ 58, 62. Specifically, she alleges that her supervisor, identified as "Elgin," committed a battery and attempted sexual battery against her. *Id.* ¶ 61. She claims that Presbyterian retaliated against her when it terminated her for objecting to its violation of OSHA. She also alleges that her termination was based on her opposition to Presbyterian's non-compliance with the FLSA. *Id.* ¶¶ 64-68.

In Count V, Steele asserts a Florida common law claim for negligent retention and supervision. She alleges that Presbyterian had a duty to take reasonable care and precautions in the

supervision and retention of its employees and that it breached this duty by retaining and failing to supervise Elgin even though it had knowledge of his propensity for committing battery or attempted sexual battery during the course of his employment. *Id.* ¶¶ 70-72.

## II. ANALYSIS.

### A. *Motion to Dismiss Count V*.

Presbyterian moves to dismiss Count V on the basis that Steele has failed to allege facts sufficient to support her claim for negligent retention and supervision. Doc. No. 9. However, upon review of the complaint, it appears that the Court cannot exercise supplemental jurisdiction over Count V and therefore lacks jurisdiction to consider the merits of the motion to dismiss.

Steele asserts in the complaint that this Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and § 1367. Doc. No. 1, ¶ 7. Indeed, the Court has subject matter jurisdiction over the FLSA claims in Counts I, II, and III pursuant to 28 U.S.C. § 1331. Because Count V arises out of Florida common law, the Court would need to exercise its supplemental jurisdiction to hear that claim.

District courts have the power to exercise supplemental jurisdiction over all state law claims that are so related to claims that are within the court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). Courts have interpreted § 1367(a) to mean that federal courts may exercise supplemental jurisdiction over all state law claims that arise out of a common nucleus of operative fact with a substantial federal claim. *Lucero v. Trosch*, 121 F.3d 591, 597 (11th Cir. 1997) (citations omitted). In determining whether state law claims satisfy this standard, courts examine "whether the claims arise from the same facts, or involve similar occurrences, witnesses or evidence." *Hudson v. Delta Air*

*Lines, Inc.*, 90 F.3d 451, 455 (11th Cir. 1996) (citing *Palmer v. Hosp. Auth. of Randolph Cty.*, 22 F.3d 1559, 1566 (11th Cir. 1994)).

To establish the FLSA overtime compensation claims in Counts I and II, Steele would have to prove that (1) she and similarly situated employees were employed by Presbyterian during the relevant time period, (2) Presbyterian is an enterprise engaged in commerce or in the production of goods for commerce, and (3) Presbyterian failed to pay her and similarly situated employees the proper overtime compensation required by the FLSA. 11th Circuit Pattern Jury Instructions (Civil) § 4.14 (2013). To prove her FLSA retaliation claim, Steele must demonstrate that (1) she asserted her rights under the FLSA, (2) she subsequently suffered an adverse employment action, and (3) a causal connection existed between her complaints about her compensation and her termination. *Wolf v. Coca-Cola Co.*, 200 F.3d 1337, 1342–43 (11th Cir. 2000).

To prevail on her claim for negligent hiring or retention, Steele must prove that (1) Elgin was incompetent or unfit to perform his job; (2) Presbyterian knew or reasonably should have known of Elgin's particular incompetence or unfitness; and (3) Elgin's incompetence or unfitness was a proximate cause of Steele's injury. *Witover v. Celebrity Cruises, Inc.*, 161 F. Supp. 3d 1139, 1148 (S.D. Fla. 2016) (quoting *Suarez v. Gonzalez*, 820 So. 2d 342, 345 (Fla. 4th Dist. Ct. App. 2002)).

None of the facts that must be proved to establish Steele's FLSA claims would establish any of the elements of the negligent hiring and retention claim. Therefore, Count V does not "arise from the same facts, or involve similar occurrences, witnesses or evidence" as the FLSA claims. *Hudson*, 90 F.3d at 455.

The factual scenario presented in this case is similar to the factual scenario in *O'Grady v. John Dough, The Bakery at Lakewood Ranch, Inc.*, No. 8:13-cv-1223-T-24TGW, 2013 WL 3063336 (M.D. Fla. June 18, 2013). In that case, this Court had original jurisdiction over plaintiffs'

FLSA claim and considered whether it had the power to exercise supplemental jurisdiction over plaintiffs' state law claims brought pursuant to the Florida Civil Rights Act. The plaintiffs alleged that defendants failed to pay them overtime wages as required by the FLSA. The plaintiffs also alleged that the defendants sexually harassed them and terminated their employment in retaliation for their complaints of sexual harassment. Defendants removed the case to this Court on the basis that this Court had federal question jurisdiction over plaintiff's FLSA claim and supplemental jurisdiction over plaintiffs' state law claims. The plaintiffs moved to remand the case on the basis that this Court lacked supplemental jurisdiction over the state law claims. In opposition to the motion to remand, the defendants argued that the facts underlying the FLSA claim and the FCRA claims arose from a common nucleus of operative fact because, "due to the relatively small size of the Bakery and the resulting limited potential witnesses available for both sets of claims, the factual occurrences of each and evidence to be brought for each will overlap . . . ." *Id.* at *1. The Court rejected this argument, finding that even though the witnesses brought in support of both the federal and state claims might be similar and possibly identical, "[n]one of the events alleged in Plaintiffs' state law claims are relevant to Plaintiffs' FLSA overtime claim—aside from the commonality of the parties involved, and such a relationship is 'too attenuated to meet the standard for exercising supplemental jurisdiction.'" *Id.* (quoting *Vallesillo v. Remaca Truck Repairs, Inc.*, No. 09-80714-CIV, 2009 WL 4807397, at *2 (S.D. Fla. Dec. 4, 2009)).

Under these circumstances, I recommend that the Court find that Steele's state law claim for negligent hiring and supervision does not arise from a common nucleus of operative facts as her FLSA claims, thereby depriving the Court of the power to exercise supplemental jurisdiction over the state law claim. Accordingly, the Court should dismiss Count V of the complaint for lack of subject matter jurisdiction.

B.   *Discretion to Decline to Exercise Supplemental Jurisdiction Over Count IV.*

If a court has the power to exercise supplemental jurisdiction over state law claims alleged in a complaint, it nevertheless may exercise its discretion to decline to exercise that jurisdiction in the following circumstances:

(1)   the claim raises a novel or complex issue of State law;

(2)   the claim substantially predominates over the claim or claims over which the district court has original jurisdiction;

(3)   the district court has dismissed all claims over which it has original jurisdiction; or

(4)   in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).   Based on the intermingling of Steele's opposition to an OSHA violation with her opposition to an FLSA violation in Count IV of the complaint, I recommend that the Court decline to exercise supplemental jurisdiction over Count IV, as currently alleged, because the opposition to the OSHA violation portion of that claim would substantially predominate over the FLSA claims over which this Court has original jurisdiction.

As discussed above, in Count IV of the complaint Steele alleges primarily that she was terminated under the Florida Whistleblower Act for reporting Presbyterian's failure to comply with OSHA resulting in the alleged attempted battery and sexual assault on Steele by Elgin, another employee of Presbyterian.  To establish that Presbyterian violated the Florida Whistleblower Act under these facts, Steele would have to prove that (1) she opposed Presbyterian's failure to provide a workplace free from hazards likely to cause serious physical harm to employees, (2) she suffered an adverse employment action, and (3) there was a causal link between her opposition to Presbyterian's workplace practices and the adverse employment action." *Bigge v. Albertsons, Inc.*, 894 F.2d 1497, 1501 (11th Cir. 1990).   None of the facts that are necessary to prove the Florida

Whistleblower Act claim arising from Elgin's conduct are necessary to prove the FLSA overtime and retaliation claims. Therefore, for the reasons discussed above, to the extent Count IV alleges a cause of action arising from Steele's opposition to Elgin's conduct, it does not arise from a nucleus of operative facts common to Steele's FLSA claims. Accordingly, if these facts were the only basis for Count IV, the Court could not exercise subject-matter jurisdiction over that claim.

However, in Count IV, Steele alleges that her Florida Whistleblower Act claim also arises from her opposition to Presbyterian's failure to comply with the FLSA. There are common facts that would support the FLSA retaliation claim in Count III and the Florida Whistleblower Act retaliation claim in Count IV as it pertains only to the FLSA component of Count IV. Nevertheless, the facts regarding Elgin's alleged conduct would substantially predominate over the FLSA claims in Count IV because those facts have no relevance to the FLSA claims over which the Court has original jurisdiction. *Compare Malphurs v. Cooling Tower Sys., Inc.*, No. 5:13-cv-443(MTT), 2014 WL 1673291, at *2 (M.D. Ga. April 28, 2014)(in which the Court found that state law sexual harassment claims did not substantially predominate over FLSA claims because the plaintiff alleged that her employer required her to work past her normal hours so he could engage in the offensive conduct without other employees being present).

Finally, declining to exercise supplemental jurisdiction over Count IV would not cause unfairness to the parties. Steele may proceed on the claims in Count IV in state court. Alternatively, Steele could request leave to file an amended complaint in this Court to allege only her opposition to Presbyterian's alleged violation of the FLSA as the basis for the Florida Whistleblower Act claim. In that circumstance, all of the FLSA related claims could be tried together in this Court, leaving the unrelated negligent hiring and retention and Florida Whistleblower Act claim arising from Elgin's alleged conduct to be tried together in state court.

*See Palmer*, 22 F.3d at 1569 (citing *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 725-27 (1966)).

**III.  RECOMMENDATIONS**.

For the reasons discussed above, I **RESPECTFULLY RECOMMEND** that the Court dismiss Count V for lack of subject matter jurisdiction and **DIRECT** the Clerk of Court to terminate Defendant, Presbyterian Retirement Communities, Inc's, Motion To Dismiss Count V Of Complaint (Doc. No. 9).

I further **RECOMMEND** that the Court decline to exercise supplemental jurisdiction over Count IV and dismiss that claim without prejudice so that Steele may pursue it in state court. Should Steele wish to amend Count IV to allege only her opposition to Presbyterian's alleged violations of the FLSA, she should file a motion for leave to amend the complaint.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on August 3, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy