# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**RHONDA STEELE,**

       **Plaintiff,**

**v.**                                                                                            Case No:   6:17-cv-871-Orl-40KRS

**PRESBYTERIAN RETIREMENT COMMUNITIES, INC.,**

       **Defendant.**

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** **JOINT MOTION FOR APPROVAL OF PROPOSED SETTLEMENT OF CLAIMS BROUGHT PURSUANT TO 29 U.S.C. § 207 OF THE FAIR LABOR STANDARDS ACT AND STIPULATION FOR DISMISSAL WITH PREJUDICE (Doc. No. 27)**
>
> **FILED:** **September 18, 2017**

Plaintiff, Rhonda Steele, filed a five-count complaint against Defendant Presbyterian Retirement Communities, Inc. asserting a claim for overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207, a representative claim under the FLSA seeking to represent a class of employees who did not receive overtime compensation, an individual claim for retaliation pursuant to the FLSA's anti-retaliation provision, a wrongful termination claim pursuant to the Florida Whistleblower Act ("FWA"), Section 448.102, Florida Statutes, and a Florida common law claim for negligent retention and supervision.  Doc. No. 1.  The Court dismissed the negligent

retention claim for lack of subject matter jurisdiction and declined to exercise supplemental jurisdiction over the whistleblower claim. Doc. No. 24.[1] Robin Richardson, Betsy Gardner, and William Bryant filed Notices of Filing Consent to Join Collective/Class Action and became Opt-In Plaintiffs. Doc. Nos. 17, 18, 21.

The parties, all of whom were represented by counsel, state that they have settled the case. Pursuant to the settlement agreement, each Plaintiff is due to receive the full amount of overtime wages he or she has claimed and an equal amount for liquidated damages. Steele will receive $3,293.06 in unpaid overtime, $3,293.06 for liquidated damages, and $5,000.00[2] as payment for resolution of her FLSA retaliation claim.[3] Richardson will receive $429.00 in unpaid overtime and an equal amount for liquidated damages.[4] Gardner will receive $1,661.58 in unpaid overtime and an equal amount for liquidated damages.[5] Bryant will receive $2,359.50 in unpaid overtime and an equal amount for liquidated damages.[6]

In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352 (11th Cir. 1982), the Eleventh Circuit stated that "[t]here are only two ways in which claims arising under the FLSA can be settled or compromised by employees." The first is a settlement that is supervised by the

---

[1] The parties have reached a separate resolution of those claims. See Doc. No. 27, at 3 n.2.

[2] The parties represent that the settlement of Steele's FLSA retaliation claim was reached separately from the settlement of her overtime wage claim. A settlement of FLSA retaliation claims does not require court approval, so long as the settlement does not contaminate the settlement of an FLSA back wage claim. *See Johnson v. Overdrive Sys. II, Inc.*, No. 6:15–cv–938–Orl–40DAB, 2016 WL 3511758, at *2 (M.D. Fla. June 1, 2016).

[3] In her Answers to the Court's Interrogatories, Steele alleged that she was owed $3,293.06 in unpaid overtime and an equal amount of liquidated damages. Doc. No. 19, at 3.

[4] In her Answers to the Court's Interrogatories, Richardson alleged that she was owed $429.00 in unpaid overtime and an equal amount of liquidated damages. Doc. No. 22, at 2.

[5] In her Answers to the Court's Interrogatories, Gardner alleged that she was owed $1,661.58 in unpaid overtime and an equal amount of liquidated damages. Doc. No. 23, at 2.

[6] In his Answers to the Court's Interrogatories, Bryant alleged that he was owed $2,359.50 in unpaid overtime and an equal amount of liquidated damages. Doc. No. 27, at 21.

Department of Labor. The second is when a district court enters a stipulated judgment after scrutinizing a settlement for fairness. *Id.* at 1353. Based on this language, it appears that the Court must scrutinize a settlement agreement for fairness even if the plaintiffs did not compromise their claims. *But see Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009) (unpublished decision) (stating that the court did reach the question of what judicial oversight, if any, applies under *Lynn's Food Stores* when plaintiff received full satisfaction of the FLSA claim); *MacKenzie v. Kindred Hosp. East, LLC,* 276 F. Supp. 2d 1211, 1217 (M.D. Fla. 2003) (finding no need for judicial scrutiny when defendant offered plaintiff more than full relief).

The Honorable Paul G. Byron, the presiding district judge in this case, has held: "When, as in this case, a plaintiff does not compromise his or her claim, the resulting settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA." *Williams v. Vidhi Inv., Inc.*, No. 6:14-cv-1559-Orl-40GJK, 2015 WL 1524047, at * 1, 4 (M.D. Fla. April 3, 2015). Based on that conclusion and the parties' representation that Steele, Richardson, Gardner, and Bryant will receive full compensation of their FLSA overtime claims, I **RESPECTFULLY RECOMMEND** that the Court find that the settlement is a fair and reasonable resolution of a bona fide dispute under the FLSA. I further **RECOMMEND** that the Court require counsel for the parties to submit a stipulated form of judgment to be entered as required by *Lynn's Food Stores* within a time set by the Court.

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on September 26, 2017.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy